## Case No. 1,372.

### BETTS v. DREW et al.

[8 Am. Law Rec. 338; 12 Chi. Leg. News, 65.]

Circuit Court, N. D. Illinois. Nov. Term, 1879.

MORTGAGES—TRANSFER OF MORTGAGED PROPERTY —TRANSFEREE.

1. Philpot, mortgagor of certain lands, conveyed them to Drew. The deed recited that Drew "assumes and agrees to pay, as part of the purchase money therefor," the mortgage debt. Drew paid four annual installments of interest. In May, 1877, Jenkins, assignee of Philpot, executed to Drew a full release from any liability under the clause cited. Bill to foreclose was filed in November, 1877, asking for a deficiency decree against Drew. *Held,* that the assuming grantee of mortgaged lands is liable to the mortgagee, both in equity and at law.

2. Semble, that the liability assumed cannot be released without the consent of the mortgagee, after his acceptance of the new debtor, and such acceptance may be presumed from the receipt of interest payments from the assuming grantee.

[In equity. Bill by C. Wyllys Betts, as trustee, against Charles W. Drew and others, to foreclose a mortgage. Decree for complainant.]

There was no formal opinion delivered in this case, but the conclusions reached by Mr. Justice HARLAN, are contained in a letter addressed by him to counsel, and from that letter we have extracted what is now given as the opinion.

Mattocks & Mason, for complainant.
Miller & Frost, for defendant Drew.

HARLAN, Circuit Justice. Upon the controlling questions in the case, my conclusions are:

1. In Noonan v. Lee, 2 Black, [67 U. S.] 509, and Orchard v. Hughes, 1 Wall. [68 U. S.] 77, it was held that a circuit court of the United States could not, in the absence of a rule of the supreme court authorizing it, render a personal decree, in a foreclosure suit, against a mortgagor, for the balance of the mortgage debt remaining after exhausting the proceeds of the sale of the mortgaged premises. At the same term during which the decision in Orchard v. Hughes was announced, the 92d rule in equity was adopted. That rule does not, in terms, restrict the complainant to a deficiency decree against the mortgagor. It provides, generally, that "in suits in equity for the foreclosure of mortgages * * * a decree may be rendered for any balance due to the complainant over and above the proceeds of the sale or sales." In foreclosing suits, the immediate

grantee of the mortgagor, and, indeed, all subsequent grantees of the mortgaged premises, are proper, if not always absolutely necessary, parties. If, on a foreclosure suit, any defendant has become liable to the complainant for the mortgage debt, I am unable to perceive why a personal deficiency decree may not be taken against that defendant. If the purpose of the supreme court had been to restrict the complainant to the decree against the mortgagor, that purpose, it seems to me, would have been declared in express words. The object of the rule was to avoid multiplicity of suits and circuity of action. That object is subserved by so construing the rule as to autnorize, in all foreclosure suits, a personal decree against any defendant who has become liable to the complainant for the mortgage debt.

2. Was not Drew personally liable to the holder of the mortgage debt? He accepted a conveyance of the mortgaged premises, subject to the trust deed and note, described in the pleadings. "which said note, with all interest, the said Charles W. Drew assumes and agrees to pay as part of the purchase money therefor." Instead of Drew paying the entire purchase money to Philpot, and immediately thereafter receiving from the latter a sum sufficient to meet the mortgaged debt, the parties, in effect, stipulated that Drew's assumption and agreement to pay that debt should be equivalent to the payment of an equal amount to Philpot as purchase money due on his sale to Drew. It was, in effect, a deposit with Drew of money originally belonging to Philpot, to be paid over to the latter's creditor; that is, to the holder of the mortgage debt. Drew thus received money which, by agreement between Drew and Philpot, was set apart and appropriated for the payment of a specific debt— the debt due to the mortgagee. I am satisfied that, both upon principle and authority, the holder of that mortgage debt could enforce Drew's liability to the mortgagee, either in an action at law, or by a personal deficiency decree in a suit for foreclosure.

3. I am of opinion that the release executed in May, 1877, by the assignee in bankruptcy of Philpot, is of no validity as against the claim of the complainant. If the assignee could, under any circumstances, legally execute such an instrument, he could only do so under the authority or by the direction of the court. It does not appear that any such authority was conferred, or any such direction given. Long prior to May, 1877, the mortgagee was advised of Drew's assumption of, and agreement to pay, the mortgage debt. That he approved and accepted the terms of that arrangement is shown by the fact that he collected from Drew the interest for the years 1873 to 1876 inclusive. After such approval and acceptance, it was not in the power of the assignee, without the consent of the mortgagee, to discharge Drew from responsibility

to the mortgagee for the mortgage debt. About this, however, there may be some question, and it is only necessary to say that the direction of the court was requisite to authorize the assignee to release Drew from responsibility upon his assumption and agreement to pay the mortgage debt. To release Drew in that respect was, in effect, to give away a portion of the assets of the bankrupt, without any consideration so far as the record shows. The assignee clearly transcended his authority.

My desire has been to prepare an opinion, reviewing the authorities and discussing fully the interesting questions presented in this case. But my duties here seem to render such a course impracticable, and I am compelled to restrict myself to a mere statement of the conclusion reached after a careful examination of the adjudged cases, including some not cited by counsel.

Counsel will prepare, and have the clerk enter, a decree against Drew for the deficiency which exists after applying the proceeds of sale of mortgaged premises, with costs, to complainants. In case counsel cannot agree as to what decree should be entered, in view of what is herein said, the decree prepared may be sent to me.